NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ROBERTO ROJAS-MONDRAGON,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 16-70518<br><br>Agency No. A201-240-589<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Carlos Roberto Rojas-Mondragon, a native of Nicaragua and a citizen of both Nicaragua and Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review and remand.

Contrary to Rojas-Mondragon's contentions, the agency did not err in designating Honduras as the country of removal, and considering his claims for relief only related to Honduras, after Rojas-Mondragon provided testimony and evidence of his Honduran citizenship. *See Hadera v. Gonzales*, 494 F.3d 1154, 1156 (9th Cir. 2007) (if a noncitizen declines to designate a country, it is proper for the IJ to order removal "to a country of which the alien is a subject, national or citizen" (citation and internal quotation marks omitted)); *see also Jang v. Lynch*, 812 F.3d 1187, 1192 (9th Cir. 2015) ("to receive asylum, a person of dual nationality must demonstrate a well-founded fear of persecution in both countries").

In denying Rojas-Mondragon's asylum and withholding of removal claims the agency found he failed to establish Honduran authorities were unwilling or unable to protect him from the past harm he alleged or fears will occur upon return because he did not report the mistreatment and failed to establish that doing so would have been futile. In reaching its conclusion, the agency did not have the benefit of our decision in *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir.

2017) (en banc). Thus, we grant the petition for review and remand Rojas-Mondragon's asylum and withholding of removal claims to determine the impact, if any, of this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach Rojas-Mondragon's remaining contentions.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**